FAJARDO SUGAR COMPANY, DEMANDANTE Y APELANTE, *v.* TORRES ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Humacao de una orden sobre incidente de costas.

No. 2092.—Resuelto en febrero 16, 1920.

COSTAS—MEMORANDUM DE COSTAS ENMENDADO—DISCRECIÓN JUDICIAL.—Habiendo impugnado el apelante el memorandum de costas radicado en término por el demandado apelado, entre otros motivos por ciertos defectos de forma en el juramento, dicho apelado radicó nuevo memorandum enmendado expresando en el escrito que lo hacía "con la venia de la corte." Negada por la corte inferior la eliminación del memorandum enmendado que solicitara el apelante, se resolvió en apelación: que debiendo estimarse concedida por la corte en uso de su discreción la venia que solicitara el apelado al radicar su memorandum enmendado, cuya radicación, si bien fuera de término, debe

entenderse *nunc pro tunc,* la revocación no procede a menos que se pruebe abuso de discreción por parte de la corte con injusticia para la parte perjudicada a permitir la enmienda.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Muñoz Morales.*

Abogado de los apelados: *Sr. C. García de la Noceda.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio de desahucio seguido ante la Corte de Distrito de Humacao por The Fajardo Sugar Company contra Ramón Torres, Carmen García y Basilia Díaz, recayó sentencia en 19 de diciembre de 1918 declarando sin lugar la demanda y condenando a la parte demandante a satisfacer las costas, cuya sentencia fué confirmada por esta Corte Suprema en 5 de mayo de 1919, registrada en la Secretaria de la Corte de Humacao el día 9 del propio mayo.

Los demandados radicaron en 16 del citado mayo un *memorandum* jurado de costas comprensivo de varias partidas, una de $5 por honorarios del secretario, otra de $20 por indemnización de testigos, la tercera de $40 por dos viajes de ida y vuelta a Humacao para la primera y segunda comparecencia en el juicio, la cuarta de $15 por un viaje de ida y vuelta a San Juan para comparecer ante esta Corte Suprema, y la última de $200 por honorarios de abogado, cuyas partidas arrojan el total de $280.

La demandante, en escrito de 20 de mayo impugnó el anterior *memorandum* de costas, en primer lugar, por ser defectuoso el juramento en atención a que no expresaba el título del funcionario que lo tomaba ni éste daba fé de que hubiera comparecido a su presencia el que lo prestaba ni tampoco de su conocimiento; por falta de especificación de las partidas de indemnización a testigos y de los viajes de ida y vuelta a Humacao y a San Juan; y finalmente porque la demandante había sido condenada expresamente al pago de las costas y no al de honorarios, aparte de que éstos eran excesivos. Suplicó en su virtud que se ordenara la eliminación del *memo-*

*randum* y en caso de aceptarse éste se tuvieran por impugnadas las partidas mencionadas.

Notificado el abogado de los demandados de la impugnación hecha, radicó nuevo *memorandum* de costas en 26 de mayo, expresando que lo hacía con la venia de la corte, y en ese nuevo *memorandum* además de subsanar el defecto de que adolecía el juramento del anterior, explicó las partidas impugnadas por falta de especificación.

En 28 de mayo radicó la demandante moción para que se eliminara el *memorandum* de costas enmendado, pues se había presentado sin permiso de la corte y fuera del término señalado por la ley, y previa impugnación de los demandados a la anterior moción de eliminación la corte, por orden de 20 de junio de 1919, declaró sin lugar la moción de eliminación; y después de discutido por ambas partes el *memorandum* enmendado recayó resolución definitiva en 21 de julio de 1919 que aprobó el *memorandum* de costas con excepción de las partidas referentes a indemnización de testigos y gastos de viaje, debiendo, por tanto, satisfacer únicamente la parte demandante la suma de $205 por derechos de secretaría y honorarios de abogado.

La anterior resolución está sometida a nuestra consideración a virtud de recurso de apelación contra ella interpuesto por The Fajardo Sugar Company.

Funda la apelante su recurso en que la Corte de Distrito de Humacao cometió error al admitir discusión y dictar resolución sobre el *memorandum* de costas enmendado, por la razón de que el *memorandum* primitivo era nulo y el segundo fué presentado fuera de término sin haberse obtenido previamente autorización de la corte para ello ni mediar notificación a la demandante.

La cuestión envuelta en el recurso se resuelve por la doctrina que dejamos establecida al decidir el caso de *Belaval et al. v. The Fajardo Sugar Growers' Association*, 18 D. P. R. 461.

Tanto en dicho caso como en el presente la enmienda hecha al juramento no afectaba a los méritos del caso en manera alguna, pues sólo se refería a un defecto puramente de forma; y como dijimos entonces, la cuestión referente a la concesión de tales enmiendas está encomendada exclusivamente a la discreción de la corte sentenciadora y a no ser que se demuestre que ha habido abuso de esa discreción legal, del que resulte una injusticia para la parte que se queja del mismo, la resolución de la corte sentenciadora. no será modificada.

Ciertamente que en el presente caso la representación de las partes demandadas presentó el *memorandum* enmendado sin solicitar el permiso de la corte, pero expresó que lo hacía con la venia de la misma, quedando, por tanto, sujeta a que esa venia le fuera concedida, y de hecho lo fué por la corte al declarar sin lugar, por su orden de 20 de junio, 1919, la eliminación de dicho *memorandum*, quedando así sometido a la discusión de las partes, sin que la corte abusara de su discreción ni la demandante fuera perjudicada en sus derechos, puesto que le quedó la vía expedita para impugnar el *memorandum* como así lo hizo, discutiendo sus partidas y consiguiendo que fueran eliminadas algunas de ellas.

Y no cabe sostener que el *memorandum* de costas enmendado fué presentado fuera del término señalado por la ley pues el primitivo fué presentado en tiempo oportuno y la admisión de las enmiendas debe entenderse *nunc pro tunc,* o sea, no con relación a la fecha en que fueron hechas si·no con relación a la fecha de presentación del primitivo *memorandum* enmendado.

Es de confirmarse la orden apelada.

                    *Confirmada la orden recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.